John D. Bennett, S.
This is an accounting proceeding in which the petitioners request a construction of paragraph Third of the will. The petitioner, Frank Balletta, Esq., being one of the executors and the attorney for this estate, a request is made for the approval of his counsel fee in this matter.
Paragraph Third of decedent’s will provides as follows: “ third: I give, devise and bequeath ten (10%) per centum of my net estate to my step-daughters, Ann MacDuffie, of Yorktown Heights, New York, and Barbara Ostheimer, of Wilton, Connecticut, share and share alike to be equally divided among them absolutely and forever. In case any of my said stepdaughters shall die without issue, then I direct the share of such step-daughter so dying without issue shall pass to the other step-daughter and to the issue of the survivor who shall have predeceased me, in all cases the issue to take the share the parent would have taken if alive, per stirpes and not per capita.”
Decedent was employed during his lifetime by a subsidiary of Philco Corporation. In consequence of his employment, he became entitled to certain benefits from the Philco Profit Sharing Plan and the Philco Retirement Plan. With respect to both of these plans, decedent executed certain instruments designating his daughter, Emilie Ward Mills, as beneficiary to receive payment by installments upon his death. His stepdaughters, Mrs. Charles MacDuffie and Mrs. Richard H. Ostheimer, decedent designated as alternate beneficiaries in case of the death of Emilie Ward Mills prior to his death, or before completion of the payments thereunder.
On August 5, 1959, decedent and his wife, Dorothy C. Mills, entered into an agreement whereby title to certain realty which they were purchasing was to be conveyed to them as tenants in common. The agreement provides that upon the death of either the decedent or his wife, the survivor is entitled to a life estate in the share of the deceased, and upon the death of the survivor the share of the party first dying shall pass to named persons. Under the circumstances as they have occurred herein, where the decedent is survived by his wife, upon the death of his wife his share will pass to his daughter designated as ‘ ‘ Emily ’ ’ Mills in the agreement.
The construction of paragraph third is requested with respect to the meaning of the term “net estate” employed therein. The specific question raised is whether in determining said ‘ ‘ net estate ” for the purpose of computing the amount of the legacies of decedent’s stepdaughters, Ann MacDuffie and Barbara Ostheimer, the assets comprising the Philco Profit Sharing Plan and the Philco Retirement Plan, and the share of the realty *166 mentioned in the agreement of August 5, 1959, should be excluded in determining the value of said “ net estate ”.
The decedent’s widow, daughter and stepdaughters have executed waivers of service of citation in this proceeding, and they consent to the determination by the court of the meaning of “ net estate ” with respect to whether the Philco Profit Sharing Plan, Philco Retirement Plan, and the realty mentioned in the agreement of August 5, 1959, should be excluded in determining the “ net estate No question has been raised concerning the validity of the designation of decedent’s daughter, Emilie Ward Mills, as beneficiary of the Philco Profit Sharing Plan, Philco Retirement Plan, or the agreement of August 5, 1959.
The assets forming the contents of the Philco Profit Sharing Plan, Philco Retirement Plan, and the realty which is the subject of the agreement of August 5, 1959, are nontestamentary in nature. Assuming the validity of decedent’s designation of his daughter, Emilie Ward Mills, as beneficiary to receive these assets, decedent has effectively disposed of these assets to his daughter, Emilie Ward Mills, outside the will in question. The usual definition of net estate as being the gross estate less debts, funeral and administration expenses, is of little assistance in the present case. The facts and circumstances here indicate that the decedent intended his estate to mean his testamentary estate, and not to include property or assets disposed of by him through other means.
Accordingly, ‘1 net estate ’ ’ as used in paragraph third of decedent’s will is construed to exclude therefrom any consideration of the proceeds of the Philco Profit Sharing Plan, the Philco Retirement Plan, and the realty which is the subject of the agreement of August 5,1959.
The fee of the attorney for the estate is allowed in the sum of $3,500 for all services rendered, including settlement of the decree herein and implementation thereof, and disbursements in the sum of $104.95.